In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-086 CV


____________________



IN RE MYRON D. LESTER






Original Proceeding






 OPINION


 This is an original proceeding in which the relator, Myron D. Lester, challenges the
trial court's denial of his motion to transfer to Fort Bend County, Texas, a suit affecting his
custodial rights over his son. We find the trial court did not abuse its discretion in denying
Myron's motion to transfer venue or in denying his motion for reconsideration; therefore, we
deny Myron's request for mandamus relief. 

FACTUAL AND PROCEDURAL BACKGROUND

 In December 2005, Myron D. Lester and Essene Bell obtained a divorce in Maryland. 
During their marriage, they had one child, J. L., who was born in September 2000. The
Maryland court's judgment of divorce approved and incorporated Myron's and Essene's
written agreement about J. L.'s custody arrangement.


 Both the divorce decree and the parties' written agreement provided that the written
agreement's terms were not merged into the court's judgment. (1) With respect to J. L.'s
custody, the written agreement between Myron and Essene provided that they would share
legal and physical custody and that they were to make "all major decisions jointly concerning
anything affecting the life of their child, including, but not limited to health care, day care,
schooling, religious training, special activities and similar needs." During the majority of the
year, the agreement required the parties to alternate their visitation with J. L. on a weekly
basis. After the divorce, Myron, Essene, and J. L. moved to Texas. In June 2006, Essene
purchased a house in Beaumont. In November 2006, Myron purchased a home in Missouri
City, Texas. 

 In July 2007, after J. L. attended kindergarten in Jefferson County, Essene filed her
"Motion To Register Foreign Judgment And Modify Same" in the District Court of Jefferson
County, Texas. Essene's motion requests that she and Myron be named J. L.'s joint
managing conservators and that she be designated "as the person who has the exclusive right
to designate the primary residency of the child." 

 After Essene served Myron with her motion, he moved to transfer venue of the
proceeding to his residence in Fort Bend County, Texas. Myron's motion to transfer asserts
that the Maryland divorce decree did not "name either parent as the managing conservator,
custodian or guardian of the person of the child," and that he and J. L. resided in Fort Bend
County on the date Essene filed her suit in Jefferson County. 

 On October 31, 2007, the trial court heard Essene's motion to register the judgment
and Myron's motion to transfer venue. At the October hearing, Myron argued that chapter
103 of the Texas Family Code, which applies to original proceedings, required the trial court
to transfer the case to Fort Bend County because it was the county in which the parent having
actual care, custody, and control of the child resided on the date the suit was filed. See Tex.
Fam. Code Ann. § 103.001(c)(2) (Vernon 2002); In re Narvaiz, 193 S.W.3d 695, 700 (Tex.
App.-Beaumont 2006,orig. proceeding). At the hearing, Essene did not dispute that the child
was in Myron's actual care on the date she filed her motion. Instead, Essene argued that the
proceeding before the court was a modification proceeding and not an original proceeding,
thus, making chapter 103 of the Family Code inapplicable. Subsequently, the trial court
entered orders registering the Maryland divorce decree and denying Myron's motion to
transfer venue.

 Myron subsequently filed a motion in which he requested that the trial court
reconsider its ruling. In the motion for reconsideration, Myron reasserted his prior argument
that Essene's motion was an original proceeding that, under the circumstances in this case,
created proper venue in Fort Bend County. Additionally, and for the first time, Myron
pointed out that Essene failed to file a controverting affidavit in response to his motion to
transfer. As a result, Myron argues that the trial court's duty to transfer was mandatory. 
Without entering any findings after conducting a second hearing, the trial court also denied
Myron's motion to reconsider. 

 Myron then filed a petition requesting that we issue a writ of mandamus directing the
trial court to vacate its orders and suggesting that we direct the trial court to transfer the case
to Fort Bend County. In his petition, Myron asserts that the trial court was required to
transfer the suit because Essene failed to controvert his motion to transfer and because
Essene's petition was an original proceeding to adjudicate issues related to J. L.'s custody. 

DISCUSSION

 A. Modification or Original Proceeding?

 No one disputes that the child and both parents moved to Texas prior to Essene's
filing her suit in Jefferson County, Texas. At the venue hearing, the court heard evidence
concerning J. L.'s residence in Jefferson County that showed he had attended kindergarten
in Beaumont during the prior school year and that on most school nights during the year, he
resided either with his mother, who lived in Beaumont, or at a local hotel with his father. At
the time of the hearing, J. L. was attending first grade in Beaumont. 

 A court with continuing exclusive jurisdiction may modify an order that provides for
conservatorship, support, or possession of and access to a child. Tex. Fam. Code Ann. §
156.001 (Vernon 2002). Generally, a court in Texas registers but may not modify child
custody determinations of other states. Id. at § 152.306(b) (Vernon 2002); see also id. at §
152.305 (Vernon 2002). However, an exception to that general rule applies when a court of
this state determines that the child and the child's parents do not presently reside in the other
state, in which case a Texas court can exercise jurisdiction to modify the other state's child
custody determination. Id. at § 152.203 (Vernon 2002). When a Texas court exercises
jurisdiction in such a case, it becomes the court of exclusive continuing jurisdiction over the
determination until the child and one of the parents no longer have a significant connection
with Texas or the child and the parents no longer reside in Texas. Id. at § 152.202(a)
(Vernon 2002). 

 The venue dispute arose between the parties because the venue provisions applying
to modifications of prior child custody determinations differ from those applying to original
proceedings. Venue for original proceedings is controlled by chapter 103 of the Texas
Family Code. When the child's parents do not reside in the same county, the Family Code
provides a rule to determine the child's residence for purposes of venue for an original suit
affecting a parent child relationship ("SAPCR"). Tex. Fam. Code Ann. § 103.001(c)(2). 
This section provides, in pertinent part:

 (c) A child resides in the county where the child's parents reside or the
child's parent resides, if only one parent is living, except that:


 . . . . 


 (2) if the parents of the child do not reside in the same county and
if a managing conservator, custodian, or guardian of the person
has not been appointed, the child resides in the county where the
parent having actual care, control, and possession of the child
resides[.]


Id. If venue is not proper where a party files suit, the trial court "shall transfer the proceeding
to the county where venue is proper." Id. at § 103.002(a) (Vernon 2002). 

 However, if the Maryland decree is considered an original proceeding and the Texas
proceeding is one seeking to modify Maryland's prior child custody determination, the
applicable venue rules are found in chapter 155 of the Texas Family Code. The venue rules
for suits to modify place initial venue in the court of continuing, exclusive jurisdiction, but
allow a transfer to another county in this state if the child has resided in the other county for
a period of six months or longer. Id. at § 155.201(b) (Vernon Supp. 2007). Essene argues
that the applicable venue rule is found in section 155.201 of the Family Code, and requires
a transfer to another county in this state only "if the child has resided in the other county for
six months or longer." Id. at § 155.201(b). Because Myron did not establish that J. L. had
resided in Fort Bend County for the required six month period, Essene argues that the trial
court did not abuse its discretion in denying Myron's motion to transfer venue.

 Therefore, we first address which venue statute applies by determining whether 
Essene's suit constitutes an original proceeding or a modification of a previous child custody
determination. The Texas Family Code defines "modification" as follows:

 "Modification" means a child custody determination that changes, replaces,
supersedes, or is otherwise made after a previous determination concerning the
same child, whether or not it is made by the court that made the previous
determination.


Id. at § 152.102(12) (Vernon 2002). The Texas Family Code further defines "child custody
determination" as:

 a judgment, decree, or other order of a court providing for legal custody,
physical custody, or visitation with respect to a child. The term includes
permanent, temporary, initial, and modification orders. The term does not
include an order relating to child support or another monetary obligation of an
individual.


Id. at § 152.102(3) (Vernon 2002).


 Based on these definitions, Myron concludes that a child custody determination must
result in "an order of a Court and not merely an agreement of the parties." In support of his
argument, he relies on Compania Financiara Libano, S.A. v. Simmons, 53 S.W.3d 365 (Tex.
2001), and asserts that Compania stands for the proposition that an agreement that is not
merged into a judgment does not have the same force as a judgment. Because Myron and
Essene specifically agreed that their custody agreement was not merged into the judgment
and because the Maryland decree does not expressly provide for the parent's custody rights,
Myron argues that the Maryland proceeding does not constitute a child custody
determination.

 However, the Maryland decree only needed to provide for J. L.'s custody in order to
qualify as a "child custody determination" under the Texas Family Code. Tex. Fam. Code
Ann. § 152.102(3) (Vernon 2002). In our opinion, the Maryland divorce decree is not silent
regarding J. L.'s custody. The Maryland divorce decree court provided for J. L.'s custody
by allowing the parents to agree to a custody and support arrangement. Because the
Maryland court's decree, in effect, gave Myron and Essene the authority to determine the
details of J. L.'s custody, even if the specifics of their respective custodial rights and
obligations are not contained within the decree itself, the decree contains a "child custody
determination" by providing for J. L.'s custody. See id. 

 Second, we observe that Essene's Texas motion to modify sought to change the status
quo in several respects. In her motion, Essene requested that she be named as the parent with
the exclusive right to designate J. L.'s residence and that Myron be required to pay child
support. Under their written agreement, the parties each agreed to support J. L. during each
parent's respective period of physical custody of J. L. and to jointly agree on all major
decisions regarding him. The decree did not designate Essene as the person with the
exclusive right to designate J. L.'s residence.

 If granted the relief sought in her motion, the resulting judgment would modify the
prior Maryland judgment by eliminating the parents' prior right to make a joint agreement
on certain aspects of their custodial rights and replacing that right with the control of the
court. Based on the information before this Court, the trial court could reasonably determine
that Essene's motion, if granted, constituted a request to change, replace, or supersede terms
previously provided by the Maryland court's decree. 

 Myron cites no cases in his petition holding that the Texas legislature, by defining the
term "modification," intended to exclude suits that sought to alter parents' prior agreements 
that had been incorporated and approved but not merged into a judgment. See Tex. Fam.
Code Ann. § 152.102(12). Compania, relied upon by Myron in his petition for mandamus,
concerns whether a settlement agreement that was not merged into a judgment prevented the
parties from enforcing the written agreement's settlement terms. Id. at 368. In Compania,
the Texas Supreme Court held that "[s]ettlement terms need not be incorporated into a
judgment to be enforceable." Id. Compania, however, did not involve whether a subsequent
suit constituted a modification of a child custody determination, a term that has a specific
definition under the Texas Family Code. Id. at 366-68. Moreover, we are not faced with a
question of the appropriate means of enforcing the terms of a written agreement approved
but not merged into a judgment. Compania, in our view, does not control the outcome of the
issue before us. 

 In summary, under Texas law, and absent restrictions to the contrary, each parent of
a child has a right to physical possession of a child and to designate the residence of the
child. Tex. Fam. Code Ann. § 151.001(a)(1) (Vernon Supp. 2007). In its decree, the
Maryland court, in effect, delegated its power to determine child custody issues to J. L.'s
parents and then approved the agreement the parents reached concerning J. L.'s custody. By
its terms, Myron's and Essene's written agreement, approved by the Maryland court,
obligated them to jointly agree on the types of issues that are now in dispute. Essene's
motion requests a modification of the Maryland divorce decree because Essene's motion, if
granted, would remove the authority given them jointly under the terms of the Maryland
decree. Accordingly, we hold that the trial court committed no clear abuse of discretion by
applying the venue statute for modification proceedings instead of the statute for original
proceedings.



 B. Mandatory Duty to Transfer?

 Myron also contends that section 155.204(c) of the Texas Family Code required the
trial court to transfer Essene's case to Fort Bend County because she did not file a
controverting affidavit in response to his motion. Id. at § 155.204(c) (Vernon Supp. 2007).
Section 155.204(c) of the Family Code concerns motions to transfer filed under chapter 155
or chapter 262 of the Family Code. (2) Id. at § 155.204(a), (b), (i) (Vernon Supp. 2007). 

 In chapter 155, mandatory venue transfers are established by section 155.201 of the
Family Code. That section provides:

 If a suit to modify or a motion to enforce an order is filed in the court having
continuing, exclusive jurisdiction of a suit, on the timely motion of a party the
court shall, within the time required by Section 155.204, transfer the
proceeding to another county in this state if the child has resided in the other
county for six months or longer.


Id. at § 155.201(b) (Vernon Supp. 2007). Essene points out that Myron's motion to transfer
and affidavit did not allege that J. L. resided in Fort Bend County for six months. Therefore,
Essene contends that the trial court was not required to transfer the case, and she was not
required to file a controverting affidavit because Myron's motion and affidavit failed to show
Fort Bend County is the county of proper venue. (3)

 Because section 155.201(b) makes the trial court's duty to transfer conditional upon
establishing a child's residence in another county for a period of six months or longer, we
find no abuse of discretion by the trial court when the evidence before it did not establish the
required condition. The plain meaning of the statute compels our result. See State ex rel.
State Dep't of Highways & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002). 

 Our interpretation of this provision is further reinforced by section 155.204(c) of the
Family Code which expressly requires a transfer of a modification proceeding to a "proper
court." Tex. Fam. Code Ann. § 155.204(c). To discern the Legislature's likely intent in
using the term "proper court," we presume that the Legislature intended the entire statute to
be effective and we further interpret the statute to give effect to every part. See Tex. Gov't
Code Ann. § 311.021(2) (Vernon 2005); Gonzalez, 82 S.W.3d at 327. We must consider
the statute "as a whole" and not just "isolated portions." Tex. Dep't of Transp. v. City of
Sunset Valley, 146 S.W.3d 637, 642 (Tex. 2004). Thus, we apply the well-settled rule of
construction "'that every word in a statute is presumed to have been used for a purpose[,] and
. . . that each sentence, clause and word is to be given effect if reasonable and possible.'" 
Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc., 35 S.W.3d 591, 593 (Tex. 2000) (quoting
Perkins v. State, 367 S.W.2d 140, 146 (Tex. 1963)). We also presume the Legislature
intended a just and reasonable result that is feasible of execution and favors the public
interest over any private interest. See Tex. Gov't Code Ann. § 311.021(3)-(5) (Vernon
2005). In consideration of these construction aids, we conclude the Legislature likely
intended "proper court" to mean a court in a county consistent with the counties to which the
Legislature directed courts to send mandatory transfers in the same chapter of the Family
Code. See Tex. Fam. Code Ann. §§ 155.201(b); 155.204(c). 

 In summary, the relevant venue provisions for Essene's suit are those in chapter 155
pertaining to modification proceedings. Under those provisions, in order to obtain a transfer
from a court of continuing, exclusive jurisdiction, Myron was required to prove that J. L.
resided in Fort Bend County for a period of six months or longer. He did not do so. Thus,
we hold that Myron has not shown a clear abuse of discretion by the trial court's denial of
his venue motion or by the trial court's denial of his motion for reconsideration. We deny
the relief requested by petitioner in his petition. 

 PETITION DENIED.

 PER CURIAM


Submitted on April 10, 2008

Opinion Delivered May 15, 2008

Before McKeithen, C.J., Kreger and Horton, JJ.
1. Under Texas law, when both parents are appointed conservators of a child, the court
is generally required by statute to specify the rights and duties of each parent independently,
the rights and duties to be exercised by joint agreement, and the rights and duties to be
exercised exclusively by one parent. Tex. Fam. Code Ann. § 153.071 (Vernon 2002), §
153.073(b) (Vernon Supp. 2007). The custodial terms established by the trial court in its
possession order are required to be specified. See generally id. at §§ 153.071, 153.253,
153.316 (Vernon 2002). In contrast, Maryland law appears to allow parties to execute
agreements that are either incorporated into the court's divorce decree or incorporated, but
not merged, into the decree. See Md. Code Ann., Fam. Law § 8-105 (a),(b) (LexisNexis
2008). Under Maryland law, in either situation, agreements made by the parties incident to
a divorce remain subject to modification by subsequent court order. Md. Code Ann., Fam.
Law § 8-105(b)(2)
.
2. Chapter 262 of the Family Code concerns procedures in suits by governmental
entities filed in order to protect the health and safety of a child. Tex. Fam. Code Ann. §§
262.001-262.309 (Vernon 2002 & Supp. 2007). Those provisions are not relevant to the
matter before us. 
3. Also, without citing any authority, Essene contends that Myron waived the mandatory
transfer argument that is based on her failure to file an affidavit because he failed to raise this
argument in the trial court prior to or during the first venue hearing. Essene failed to brief
her waiver argument. Error may be waived by inadequate briefing. See Tex. R. App. P.
38.1(h) ("The brief must contain a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record."); see also Fredonia State Bank v. Gen.
Am. Life Ins. Co., 881 S.W.2d 279, 284-85 (Tex. 1994) (stating that error may be waived by
inadequate briefing). We hold that Essene waived this argument.